**GOLDENBERG, MACKLER, SAYEGH, MINTZ,**
**PFEFFER, BONCHI & GILL**
*A Professional Corporation*
660 New Road, Suite No. 1-A
Northfield, New Jersey 08225
(609) 646-0222    FAX (609) 646-0887
Attorneys for Osprey Investments, LLC (62214-2)
and Empire TFI Jersey Holdings, LLC (63400-1)


*BY:* _____/s/Keith A. Bonchi_____
       *KEITH A. BONCHI, ESQ. (KAB3664)*
_____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
_____

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| **PARADIGM ELIZABETH, LLC** | : | CASE NO. 14-24901 |
| | : | |
| *Debtor* | : | JUDGE: Hon. Donald H. Steckroth |

_____

### BRIEF IN SUPPORT OF MOTION OF OSPREY INVESTMENTS, LLC
### AS ASSIGNEE OF FNA JERSEY LIEN SERVICES, LLC AND EMPIRE TFI JERSEY
### HOLDINGS, LLC AS ASSIGNEE OF US BNK CUST EMPIRE TAX FUND I TO
### DISMISS CASE AND FOR RELIEF FROM THE AUTOMATIC STAY
_____


Keith A. Bonchi, Esq.
Matthew S. Maisel, Esq. On the brief

## PRELIMINARY STATEMENT

The Debtor, Paradigm Elizabeth, LLC (hereinafter "Paradigm Elizabeth") is an entity that was created by Paradigm Capital Group, a mortgage lender for the sole purpose of creating a new debtor in the within bankruptcy. Paradigm Capital Group is a mortgage lender with substantial assets. Paradigm Capital Group is successor in interest by merger to Mercury Credit Corp. which provided a $14 million mortgage to Tern Landing Development, LLC on two parcels of property. The borrower defaulted on the loan and Paradigm Capital Group as successor by merger to Mercury Credit Corp. filed a mortgage foreclosure. Said mortgage was secured by two vacant lots being Block 1, Lot 1380.G7 (hereinafter "Lot G7") and Block 1, Lot 1380.G8 (hereinafter "Lot G8"). This single asset secured the mortgage that was foreclosed.

However, after Paradigm Capital Group completed its mortgage foreclosure, it assigned its bid to Paradigm Elizabeth, a newly created Limited Liability Company with no assets. The company has no personal property, no employees, no cash, no bank accounts, and exists for the sole purpose of holding the subject real estate.

At the time that Paradigm Capital Group assigned its bid at a Sheriff's Sale to Paradigm Elizabeth, both Lot G7 and Lot G8 had substantial municipal tax liens upon same. Of course, Paradigm Elizabeth has no money to pay these liens and the within bankruptcy was filed to stay the tax sale foreclosures.

The undersigned represents two separate creditors in this case. First, Osprey Investments, LLC (hereinafter "Osprey") is the Assignee of FNA Jersey Lien Services, LLC (hereinafter "FNA Jersey"). The Final Judgment in the tax sale foreclosure has not yet been entered and the within bankruptcy stays the ability to complete that foreclosure.  The bankruptcy stay prevents

the entry of Final Judgment.

The undersigned also represents a second alleged creditor in this bankruptcy being Empire TFI Jersey Holdings, LLC (hereinafter "Empire TFI") which is the owner of Lot G8 by virtue of a Final Judgment that was obtained in a tax sale foreclosure on July 17, 2014. Since, Empire TFI owned the property four days before this bankruptcy was filed, it is the owner of the subject property and the debtor has improperly listed Lot G8 as an asset of the bankruptcy estate. As to be set forth in the Statement of Facts and the supporting brief, the principals of Paradigm Capital Group have created Paradigm Elizabeth for the sole purpose of being a new debtor to the within bankruptcy and as a result of the above, this is a classic case of "new debtor syndrome" and a bad faith filing.

## STATEMENT OF FACTS

On September 19, 2006, Mercury Credit Corp. loaned Tern Landing Development, LLC the sum of $14 million which was secured by a mortgage and a security interest in two adjoining lots in the City of Elizabeth, Union County, New Jersey. (See **Exhibit "C"** to Statement of Osprey for copy of mortgage and Security Agreement). The mortgage was secured by two lots being Block 1, Lot 1380.G7 and Block 1, Lot 1380.G8. The two lots are vacant real estate with no improvements. At some point in time, Mercury Credit Corp. merged with Paradigm Capital Group and Paradigm Capital Group became the Successor by merger to Mercury Credit Corp. (See copy of Lis Pendens filed by Paradigm Capital Group attached as **Exhibit "D"** to Statement of Osprey). In 2009, Paradigm Capital Group filed a mortgage foreclosure in the Superior Court of New Jersey. A Notice of Lis Pendens was filed relating to same. (See copy of Notice of Lis Pendens attached as **Exhibit "D"** to Statement of Osprey).

On January 11, 2012, the Union County Sheriff conducted a Sheriff's Sale on behalf of Paradigm Capital Group. According to the Sheriff's Deed, Paradigm Capital Group, as Successor by merger to Mercury Credit Corp. attended the Sheriff's Sale on January 11, 2012 and was the successful bidder for the sum of $100.00 which means that no one else bid on said property. (See copy of Sheriff's Deed attached as **Exhibit "E"** to Statement of Osprey). Both Lots G7 and G8 were bid as one single asset at the Sheriff's Sale.

At some point in time after the Sheriff's Sale, according to paragraph 5 of the Deed, Paradigm Capital Group assigned its bid to an entity known as Paradigm Elizabeth. (See copy of Deed attached as **Exhibit "E"** to Statement of Osprey). It is important to note that Paradigm Capital Group was the Assignor of its bid at the Sheriff's Sale. According to its website, Paradigm Capital is located at 380 Lexington Avenue, Suite 2020, New York, New York 10168. It provides a substantial loan portfolio and lists its key personnel as Jeffrey W. Meshel, David M. Kushner and Wayne Sturman. (See **Exhibit "K"** to Statement of Osprey).

On March 25, 2012, Paradigm Elizabeth was formed by filing a Certificate of Formation with the New Jersey Department of Treasury. (See **Exhibit "J"** to Statement of Osprey). According to the Certificate of Formation, the main business address is 380 Lexington Avenue, Suite 2020, New York, New York 10168. Hence, Paradigm Elizabeth has the same address as Paradigm Capital Group. The managing member of Paradigm Elizabeth is Jeffrey Meshel who is key personnel at Paradigm Capital Group.

It is important to note that even though the Sheriff's Deed from Union County is dated January 25, 2012, Paradigm Elizabeth was not formed until two months later or on March 25, 2012 and therefore was not in existence at the time that the Sheriff's Deed was apparently issued.

Furthermore, a review of the subject Deed indicates that notwithstanding the fact that it was

dated January 25, 2012, it was not recorded with the Union County Clerk until June 26, 2013.

(See copy of Deed attached as **Exhibit "E"** to Statement of Osprey). As will be shown later, the

purpose of not recording the Deed was not to allow attorneys who were conducting tax sale

foreclosures to know that the mortgage foreclosure had been completed since it would mean that

only one defendant would be needed in the tax sale foreclosure. Hence, FNA and Empire could

have completed the tax sale foreclosures had the debtor timely recorded the Sheriff's Deed.

On July 21, 2014, Paradigm Elizabeth filed bankruptcy under Chapter 11 of the United

States Bankruptcy Code. According to its Petition, the authorized signature is David Kushner

who is the manager. It lists as the two largest unsecured creditors, Mercury Credit Corp. which

held the mortgage in the matter that was foreclosed and its bid was assigned to Paradigm

Elizabeth. The other creditor is Zakim & Zakim which are the attorneys who represented

Paradigm Elizabeth and Paradigm Capital in the state tax sale foreclosure matters that will be

discussed shortly. The list of owners is David Kushner, Jeffrey Meshel and Wayne Sturman. Of

course, these are the three key personnel listed for Paradigm Capital Group. Under the

Bankruptcy Petition and nature of the business, it is indicated that it is a single asset real estate

company.

On August 4, 2014, the Debtor filed a summary of its schedules. Under schedule A, it

lists Lots G7 and G8 as assets of the estate. Under schedule B, there is no personal property.

Under schedule D, the secured creditors are listed as the holders of certain tax sale certificates

which will be set forth later in the City of Elizabeth. Again, the only creditor with an unsecured

claim is the lawyers Zakim & Zakim. (See **Exhibit "M"** to Statement of Osprey).

A review of the first monthly Operating Report clearly indicates the Debtor's property consists only of land. The Debtor does not receive any income. Furthermore, the Debtor does not have any bank accounts.

A review of the above stated documents clearly indicates that the three principals of Paradigm Capital Group created Paradigm Elizabeth as a new debtor. Under schedule D, the Debtor indicates that the amount of the claim held by Empire TFI as a municipal tax lien holder is $1,121,647.80 and the lien held by Osprey is $935,887.20. Therefore, it is clear that when Paradigm Elizabeth was formed, it was not funded with any money to pay off the municipal tax liens and therefore was intentionally created to be an entity to file future bankruptcy without assets. Paradigm Capital Group of course has substantial assets but has intentionally decided to separate those assets from the bid in this matter and assign the bid to a new LLC and not fund that LLC.

The undersigned represents two separate creditors in this matter. One creditor has a lien on Lot G7 and the other one actually has fee title to Lot G8. First, Osprey is the Assignee of FNA Jersey owner of municipal Tax Sale Certificate Number 09-0031 which is a secured lien on Lot G7. Back on June 7, 2010, the City of Elizabeth conducted its public tax sale and sold the subject tax sale certificate on Lot G7 for the initial sum of $125,682.05. The original purchaser of said tax sale certificate assigned it to FNA Jersey. Under N.J.S.A. 54:5-6 and N.J.S.A. 54:5-9, a tax sale certificate is a super priority secured lien under New Jersey law.

On November 20, 2012, FNA Jersey filed a Tax Sale Foreclosure Complaint in the Superior Court of New Jersey. Since Paradigm Elizabeth had chosen not to record its Sheriff's Deed, the foreclosure search still indicated Mercury Credit Corp. as one of the mortgagee's on

the subject property. Therefore, by intentionally failing to record its Sheriff's Deed, the Debtor

was able to delay the tax sale foreclosure since FNA Jersey named all of the defendants that were

already foreclosed out by Paradigm Capital Group prior to assigning its bid to Paradigm

Elizabeth. Therefore, in the Complaint to foreclose the tax sale certificate, Paradigm Capital

Group, as Successor by merger to Mercury Credit Corp. was named as defendant as the

mortgagee. (See **Exhibit "B"** to Statement of Osprey).

    Paradigm Capital Group filed a Contesting Answer in the tax sale foreclosure delaying

said foreclosure for many months. On December 31, 2013, an Order was entered striking the

Contesting Answer and deeming the matter to be an uncontested foreclosure. (See **Exhibit "F"**

to Statement of Osprey). Paradigm Capital Group continued to take actions to delay the

foreclosure by filing frivolous objections. On February 28, 2012, the Honorable Katherine R.

Dupuis, entered an Order in Aid of Litigant's Rights instructing the Foreclosure Unit of the

Superior Court to enter defaults despite frivolous objections. On April 28, 2014, Judge Dupuis

entered an Order denying Paradigm Elizabeth's application to restrain the entry of Final

Judgment. (See copies of Orders attached as **Exhibit "G"** to Statement of Osprey). On March

19, 2014, an Order Setting Time, Place and Amount of Redemption was entered by the Superior

Court making May 2, 2014 the last day to redeem. (See **Exhibit "H"** to Statement of Osprey).

    After the last day to redeem had passed, FNA Jersey assigned the subject tax sale

certificate to Osprey and filed a Motion and an application for Final Judgment. Paradigm

Elizabeth objected to the above and despite the fact that a Final Judgment was entered in error,

same was vacated prior to the bankruptcy filing and therefore Osprey stands in the shoes as a

secured creditor by virtue of ownership of a municipal tax lien.

As previously stated, Empire TFI actually completed its tax sale foreclosure and obtained a Final Judgment on July 17, 2014 vesting title in Lot G8 to it. (See copy of Final Judgment attached as **Exhibit "F"** to Statement of Empire TFI). However, the origin of the tax sale certificate was back on June 7, 2010 when the City of Elizabeth conducted a public tax sale. Empire Tax Fund I (hereinafter "Empire") was the successful bidder at the public tax sale obtaining a tax sale certificate on Lot G8. Empire paid the sum of $145,414.10 at said tax sale. (See **Exhibit "A"** to Statement of Empire TFI). On July 6, 2012, Empire filed its Tax Sale Foreclosure Complaint. It filed a Second Amended Complaint which named Paradigm Capital Group, as Successor by merger in its capacity of owning a mortgage on the subject property. (See **Exhibit "C"** to Statement of Empire TFI).

A Contesting Answer was filed by Paradigm Capital Group and the Empire tax sale foreclosure was actually consolidated with the FNA Jersey tax sale foreclosure as it relates to resolving issues by the Court. All of the delaying tactics that were utilized in the FNA Jersey/Osprey tax sale foreclosure were also utilized in the Empire foreclosure. The Motions were for the most part heard together and the case was severed after Contesting Answers were stricken and allowed to proceed as uncontested foreclosures in the Foreclosure Unit of the Superior Court of New Jersey. The difference between the two cases is that Empire assigned its tax sale certificate on May 23, 2014 to Empire TFI (See **Exhibit "E"** to Empire TFI Statement) and Final Judgment was entered on July 17, 2014 vesting title into Empire TFI prior to the filing of the within bankruptcy. Hence, under New Jersey Law, Empire TFI is actually the owner of Lot G8 and is improperly listed as an asset of the Debtor's estate.

As will be set forth in the following legal brief, this is a classic case of new debtor syndrome wherein the principals of Paradigm Capital Group created an single asset entity with no money for the sole purpose of utilizing the stay provisions of the United States Bankruptcy Code to prevent Empire TFI from exercising ownership rights to the real estate and to stop Osprey from completing its tax sale foreclosure so it can continue to try to market the property without having to utilize the assets of Paradigm Capital Group to pay and redeem the outstanding tax liens prior to the foreclosure of same.

## LEGAL ARGUMENT

### I

### THE CASE SHOULD BE DISMISSED AS A BAD FAITH FILING UNDER 11 U.S.C. § 1112(B), AND THE DISMISSAL SHOULD BE WITH PREJUDICE PURSUANT TO 11 U.S.C. 349(A)

What the Court has before it is a classic case of "new debtor syndrome:" a single entity which has been created on the eve of foreclosure to isolate the insolvent property and its creditors. In re Ravick Corp., 106 B.R. 834, 843 (Bankr. D.N.J. 1989).  Such circumstances **exemplify** bad faith cases. Id. Chapter 11 bankruptcy petitions are subject to dismissal under 11 U.S.C. § 1112(b) unless filed in good faith and the burden is on the bankruptcy petitioner to establish good faith. In re 15375 Mem'l Corp., 589 F.3d 605, 618 (3d Cir. 2009). "Whether the good faith requirement has been satisfied is a fact intensive inquiry in which the court must examine the totality of the facts and circumstances and determine where a petition falls along the spectrum ranging from the clearly acceptable to the patently abusive." Id. (citation and internal quotations omitted). Two inquiries are particularly relevant to the question of good faith: (1) whether the petition serves a valid bankruptcy purpose and (2) whether the petition is filed

merely to gain a tactical litigation advantage. Id.

A petitioner may show that its petition served a valid bankruptcy purpose by showing that the petition (1) preserved a going concern or (2) maximized the value of the debtor's estate so as to satisfy creditors. Id. at 613; In re Integrated Telecom Express, Inc., 384 F.3d 108, 119 (3d Cir. 2004). Among the facts which tend to demonstrate that a debtor is not a going concern are that it does not currently operate, has no employees, virtually no tangible assets, and if its sole business is responding to litigation. In re 15375 Mem'l Corp., 589 F.3d 605, 619 (3d Cir. 2009); In re StingFree Techs. Co., 427 B.R. 337, 353 (E.D. Pa. 2010).

In 15375 Mem'l Corp., the Third Circuit observed that the two debtors were subsidiaries of a larger corporation, and both subsidiaries listed their address at the U.S. headquarters of the larger corporation. 15375 Mem'l Corp., supra, 589 F.3d at 609. "Neither company, however, actually has offices at that address or at any other location." Id. As to the latter purpose, the petitioner must be able to show that filing for bankruptcy added or preserved value that would have otherwise been unavailable to creditors outside of bankruptcy. Id. at 619-20. A debtor must be able to identify assets which are threatened outside of bankruptcy, but can be preserved or maximized in an orderly liquidation under Chapter 11. Id. at 621-22. An orderly distribution of assets, in and of itself, is not a valid bankruptcy purpose. Id. Nor is the creation of a liquidation plan. Id. at 624. Similarly, the protection of the automatic stay is not a *per se* justification for a Chapter 11 filing; rather, it is a consequential benefit of an **otherwise good faith filing**. Id. at 620 (emphasis added).

Courts consider many factors, including the following non-exhaustive list, when determining whether to dismiss for bad faith:

(1) the debtor has few or no unsecured creditors;

(2) there has been a previous bankruptcy petition by the debtor or a related entity;

(3) the prepetition conduct of the debtor has been improper;

(4) the petition effectively allows the debtor to evade court orders;

(5) there are few debts to non-moving creditors;

(6) the petition was filed on the eve of foreclosure;

(7) the foreclosed property is the sole or major asset of the debtor;

(8) the debtor has no ongoing business or employees;

(9) there is no possibility of reorganization;

(10) the debtor's income is not sufficient to operate;

(11) there was no pressure from non-moving creditors;

(12) reorganization essentially involves the resolution of a two-party dispute;

(13) a corporate debtor was formed and received title to its major assets immediately

before the petition; and

(14) the debtor filed solely to create the automatic stay.
In re StingFree Techs. Co., 427 B.R. 337, 352 (E.D. Pa. 2010).

Here, the Court should dismiss this case pursuant to 11 U.S.C. § 1112(b), because the

Debtor cannot carry its burden and establish that its petition was filed in good faith. First, the

Debtor cannot demonstrate that this petition was filed to further a valid bankruptcy purpose,

because it does not preserve a going concern.  The Debtor does not have any employees; the sole

members of the Debtor are Messrs. Kushner, Meshel and Sturmann, the same principals of

Paradigm Capital Group.  (See **Exhibit "M"** to Osprey Statement, at p. 19). Here, as in 15375

Mem'l Corp., the Debtor's business address is the same as the address of Paradigm Capital

Group, and there is no evidence the Debtor has any offices at any location. In its Statement of

Financial Affairs, the Debtor admits that it does not conduct **any** business. (See **Exhibit "M"** to

Osprey Statement, at p. 18).

Additionally, the Debtor admits that it has no income, that it has not retained any

professional to maintain or audit its books, and that it does not have any bank accounts.   (See

**Exhibit "M"** to Osprey Statement, at pp. 13,18; See also **Exhibit "N"** to Osprey Statement, at

p.2). Nor does the Debtor own any personal property. (See **Exhibit "M"** to Osprey Statement, at

pp. 4-6). Rather, the **sole** assets of the Debtor are the two parcels of real estate subject to

foreclosure by Empire TFI and Osprey. (See **Exhibit "M"** to Osprey Statement, at pp. 2-3).

Additionally, filing for bankruptcy does not maximize the value of the estate to satisfy

the Debtor's creditors.  The Debtor lists **one** unsecured creditor, Zakim & Zakim, a law firm

which represented it in the state court foreclosure proceedings, for a claim of $58,799.92. (See

**Exhibit "M"** to Osprey Statement, at p. 9). As in In re Jer/Jameson Mezz Borrower II, LLC, 461

B.R. 293, 299 (Bankr. D. Del. 2011) (dismissing case for lack of good faith), the only unsecured

creditor is a professional hired before the bankruptcy was filed. Besides Empire TFI and Osprey,

the only other secured creditors listed are the City of Elizabeth, for an unknown amount of

delinquent property taxes, and Mercury Credit Corp., for a mortgage of $24 million on the

property, with an unsecured portion of $16,457,535.00. (See **Exhibit "M"** to Osprey Statement,

at p. 7). Of course, Mercury Credit Corp. is listed as having the same address, 380 Lexington

Ave., Suite 2020, New York, NY 10168 as the Debtor and as Paradigm Capital Group.

While Empire TFI and Osprey were pursuing their foreclosure of the subject properties at

the time of the filing of the Debtor's petition, there is no evidence that any other creditor was

putting pressure on the Debtor. Additionally, pursuant to N.J.S.A. 54:5-9, the statutory liens of

Empire TFI and Osprey are superior in priority over any mortgage which Mercury Credit Corp.

may have on the G7 property or the G8 property. Thus, as these properties are the only assets of

the estate and no other creditor may lay claim to them over Empire TFI and Osprey, the filing of

this petition does not maximize the value of the bankruptcy estate for the benefit of all creditors.

   The remainder of the <u>StingFree</u> factors also weigh heavily in favor of a finding of bad

faith.  The prepetition conduct of the Debtor has been improper.  Following the striking of its

contesting answers in the foreclosure proceedings, it objected to the plaintiffs' motions on legally

suspect grounds and sought additional time in which to redeem the tax sale certificates, in order

to obstruct and delay the foreclosures. Additionally, the filing of this petition effectively allows

the Debtor to avoid court orders, as it avoids the effect of the Final Judgment of Foreclosures

entered or sought to be entered by the moving parties here.  This petition was filed on the eve of

the Osprey foreclosure, as it was filed on July 21, 2014 (See **Exhibit "L"** to Osprey Statement),

four days after Empire TFI obtained its Final Judgment of Foreclosure (See **Exhibit "F"** to

Empire TFI Statement), and while an objection to Osprey's motion for Final Judgment of

Foreclosure was being considered. (See ¶12 of Osprey Statement).  Thus, as the Debtor's efforts

to frustrate Empire TFI and Osprey from obtaining Final Judgments of Foreclosure and title to

the respective subject properties, it is clear that it filed for bankruptcy solely to obtain the benefit

of the automatic stay. Finally, the instant reorganization is essentially a two-party dispute: two

holders of tax sale certificates, one on the G7 property and the other on the G8 property, are

pursuing their rights under state law having either just foreclosed Lot G8 or about to complete

the foreclosure on Lot G7.

Under N.J.S.A. 54:5-86a, holders of tax sale certificates must generally wait two years before filing to foreclose on their liens. Here, the tax sale certificates were sold on June 7, 2010. On January 11, 2012, Paradigm Capital Group, as successor by merger to Mercury Credit Corp., successfully bid at the sheriff's sale of the subject properties following the final judgment of foreclosure on its mortgage of the subject properties, and assigned its bid to the Debtor. (See **Exhibit "E"** to Osprey Statement).  On January 25, 2012, the Union County Sheriff deeded the subject properties to the Debtor. (See **Exhibit "E"** to Osprey Statement).  On March 25, 2012, the Debtor was formed. (See **Exhibit "J"** to Osprey Statement).  Thus, the Debtor was formed and the subject properties were transferred to it shortly before when it knew these properties would be subject to foreclosure – June 7, 2012.  Thus, <u>StingFree</u> factor 13 applies.

Finally, there is no possibility of reorganization, given the circumstances of this bankruptcy, as the Debtor is a non-operating entity with no income and no employees which was created solely to protect Paradigm Capital Group from paying property taxes on two pieces of real estate, the only assets owned by the Debtor. Accordingly, the Court need not wait for the Debtor to file a plan of reorganization. The decision in <u>In re Jer/Jameson Mezz Borrower II, LLC</u>, 461 B.R. 293, 302-03 (Bankr. D. Del. 2011) is instructive on this point. In that decision, the court noted that there was no chance of reorganization, and there was continuing loss to the estate due to the incurrence of substantial administrative expenses.  Here, the Debtor is incurring substantial administrative expenses to pursue this bankruptcy, a total of $26,717 so far for representation in this bankruptcy. (See **Exhibit "M"** to Osprey Statement, at p. 15).

Additionally, since the Debtor has never paid the property taxes on the subject properties since its incorporation, and has no income or cash or other liquid assets, it is unlikely that it will pay its post-petition property tax obligations.  A Debtor's failure to pay property taxes on property securing a creditor's claim justifies stay relief. In re Tofsrud, 230 B.R. 862 (Bankr. D.N.D. 1999).  Additionally, the failure to provide for the payment of post-petition taxes renders a Chapter 11 bankruptcy plan unconfirmable. See In re Preferred Door Co., 990 F.2d 547 (10th Cir. 1990).  Under New Jersey law, the third quarter property tax payments are due on August 1 of each year. Here, the nearly-certain impending failure of the Debtor to comply with its post-petition property tax obligations will threaten to erode the equity in the subject properties, and will further prejudice Empire TFI and Osprey. By operation of the New Jersey Tax Sale Law, Empire TFI and Osprey will either (1) be forced to make these payments in order to maintain their super-priority lien and position on the subject properties or (2) allow the Tax Collector to auction a later tax sale certificate and lose its priority. The relevant statute provides: "Every municipal lien shall be a first lien on such land and paramount to all prior or subsequent alienations and descents of such lands or encumbrances thereon, **except subsequent municipal liens**." N.J.S.A. § 54:5-9 (emphasis added). Each municipal tax collector is required to conduct an annual tax sale for unpaid property taxes each year. See N.J. STAT. ANN. § 54:5-19.

Thus, since this petition has been filed in bad faith and for no legitimate bankruptcy purpose, there is cause to dismiss the petition with prejudice under 11 U.S.C. § 349(a). In re Jer/Jameson Mezz Borrower II, LLC, 461 B.R. 293, 304 (Bankr. D. Del. 2011). Therefore, the Court should order the dismissal of the Debtor's petition with prejudice.

## II

**THE COURT SHOULD GRANT RELIEF FROM THE AUTOMATIC STAY, BECAUSE THE G8 PROPERTY IS NOT PART OF THE ESTATE, AS EMPIRE TFI OBTAINED A FINAL JUDGMENT OF FORECLOSURE BEFORE THE PETITION WAS FILED**

On July 17, 2014, Empire TFI obtained a Final Judgment of Foreclosure in a tax sale foreclosure, becoming the owner of the G8 property.  Said Final Judgment was entered on July 17, 2014. (See copy of Final Judgment attached as **Exhibit "F"** to Empire TFI Statement). Under New Jersey law, a tax sale foreclosure is a strict foreclosure which means that the Final Judgment placed title in the name of Empire TFI <u>See</u> N.J.S.A. 54:5-87. Accordingly, Empire TFI became the owner of the G8 property on July 17, 2014, as evidenced by the Final Judgment.  The bankruptcy petition was not filed until July 21, 2014. (See copy of bankruptcy petition attached as **Exhibit "L"** to Osprey Statement). Therefore, the G8 property is not property of the bankruptcy estate.

New Jersey cases have addressed this issue as it relates to mortgage foreclosures. Judge Gambardella did a thorough analysis in <u>In re McKeon</u>, 86 B.R. 350 (D.N.J. 1988). Here, Judge Gambardella ruled that "Once a sheriff's certificate is issued to the successful bidder following the sale, no further proceedings are required to vest absolute title to the property in the holder of the sheriff's certificate, assuming the debtor takes no affirmative steps to redeem the property." <u>Id.</u>, at 372. "The purpose of a foreclosure action is to determine the right to foreclosure and the amount due on the mortgage, and to give the purchaser at the foreclosure sale the title and estate acquired by the mortgagee, as well as the estate of the mortgagor at the time the mortgage was executed, free from subsequent encumbrances." <u>Id.</u> "The mortgagor is not foreclosed of the equity of redemption until the premises are actually sold." <u>Id.</u> Hence, once the Sheriff's sale is

complete, the owner of the property cannot file bankruptcy and attempt to place the arrears into

the plan.

In First Nat. Fidelity Corp. v. Perry, 945 F.2d 61 (3d Cir. 1991), the Third Circuit Court

of Appeals affirmed Judge Clarkson S. Fisher's reversal of a Bankruptcy Judge's attempt to

confirm a plan before a foreclosure judgment had been entered on a New Jersey home mortgage.

The Third Circuit refused to allow the Debtor to extend the time to redeem into a plan and ignore

state law. Id., at 65. New Jersey Bankruptcy Courts have made it clear that unless there is a

clear directive from Congress, the Bankruptcy Code is not going to be used to overturn state law.

See also In re Morris, 73 B.R. 358 (D.N.J. 1987).

While the above cited cases deal with mortgage foreclosures, the similarities between

mortgage foreclosures and tax sale foreclosures has been analyzed by Judge Stripp in In re

McGrath, 170 B.R. 78, 81 (D.N.J. 1994). Judge Stripp recognized that in "a tax sale certificate

foreclosure, the certificate is sold and then after a two-year waiting period, the certificate holder

can obtain a foreclosure judgment which vests title directly in the holder without further sale."

Id., at 81. Judge Stripp went on to recognize that a tax sale foreclosure is a forced sale similar to

a mortgage foreclosure and applied the Supreme Court's holding in BFP v. Resolution Trust

Corp., 511 U.S. 531, 114 S.Ct. 1757 (1994). See also In re Rossiter, 412 B.R. 677 (D.N.J. 2008),

which recognizes that entry of Final Judgment in a tax sale foreclosure is the equivalent of a

sheriff's sale in a mortgage foreclosure, as title then vests in the certificate holder.

It is important to point out that the Bankruptcy Court in the Eastern District of New York

has had no problem agreeing with the position of the movant in this case. In In re Block 1524

Const. Corp., 75 B.R. 276 (Bankr. E.D.N.Y. 1987), the Bankruptcy Court refused to allow a

Debtor to challenge a Final Judgment in an *in rem* foreclosure in the bankruptcy proceeding. The

Court concluded that title had already vested in the City, the real property "is not property of the

estate." Id., at 281. Since the Debtor had no legal or equitable interest and the time to redeem

the property under state law had already expired, the Bankruptcy Court determined that it was

not property of the estate.

In the case at bar, Final Judgment barring the right of redemption has already placed title

in the name of Empire TFI. Under state law, Empire TFI was the owner of the G8 property on

July 17, 2014. Therefore, when the Debtor filed bankruptcy, Empire TFI was the owner of the

G8 property and title is vested in the name of Empire TFI. As such, the Debtor does not own the

subject property and therefore, cannot make it part of the bankruptcy estate. Accordingly, Empire

TFI would request that the court declare same and also request relief from the automatic stay.

## III

## THE COURT SHOULD GRANT THIS MOTION BECAUSE THE DEBTOR IS A SINGLE-ASSET REAL ESTATE ENTITY

On the first page of its bankruptcy petition, the Debtor admits that it is a "single-asset real

estate" entity, as that term is defined at 11 U.S.C. § 101(51B).  (See **Exhibit "L"** to Osprey

Statement). The U.S. Court of Appeals for the Eleventh Circuit has identified six factors for

evaluating whether a Chapter 11 petition in a single asset real estate case was filed in bad faith:

(1) the debtor has only one asset, the property at issue; (2) the debtor has few unsecured creditors

whose claims relatively small compared to the claims of the secured creditors; (3) the debtor has

few employees; (4) the property is subject to a foreclosure action as a result of arrearages on the

debt; (5) the debtor's financial problems essentially are a dispute between the debtor and the

secured creditors which can be resolved in the pending state court action; and (6) the timing of

the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's

secured creditors to enforce their rights. In re State St. Houses, Inc. 356 F.3d 1345 (11th Cir.

2004). These six factors are included within the more general, fourteen-factor test for

determining whether a Chapter 11 petition was filed in bad faith, as set forth in In re StingFree

Techs. Co., 427 B.R. 337, 352 (E.D. Pa. 2010).  As previously described, these factors all weigh

in favor of finding that this single-asset real estate Chapter 11 case was filed by the Debtor, and

should be subject to dismissal with prejudice.

Additionally, Congress enacted a particular provision of the bankruptcy code, at 11

U.S.C. § 362(d)(3), particularly designed to protect secured creditors from lengthy delays caused

by single-asset real estate entities filing petitions under Chapter 11. This provision allows

requires relief from the stay for a single-asset real estate debtor if the debtor has not, within

ninety days of filing its petition, filed a plan of reorganization that has a reasonable possibility of

being confirmed within a reasonable time, unless it has began making monthly payments in an

amount equal to interest at the applicable non-default contract rate of interest on the value of the

creditor's interest in the real estate. 11 U.S.C. § 362(d)(3); see also In re Pensignorkay, Inc., 204

B.R. 676 (Bankr. E.D. Pa. 1997).

In In re Park Timbers, Inc., 58 B.R. 647, 651 (Bankr. D. Del. 1985), the court indicated

that it was unacceptable for a debtor owning a single piece of real property to utilize bankruptcy

to wait while the real estate market rebounds.  In that case, involving an apartment complex, the

court wrote, "All that [the debtor] has shown is that it wants to forestall foreclosure so that the

property can be sold on the market, It does not have funds to service the debt nor to operate the

complex." Id. "It does not have capital to cure the waste and deterioration. All it has is hope that

it can be sold and in the interim wants [the secured creditor] to bear all the risks." Id.

Here, the Debtor is a non-operating, single-asset real estate entity who has exhausted all of its efforts to obstruct and delay the foreclosures on its real properties by Empire TFI and Osprey in state court. As in Park Timbers, it is manifestly clear that the Debtor's objective is to utilize the protections of the automatic stay in bankruptcy in the hopes the real estate market will rebound and it will be able to sell its properties at a profit, without Paradigm Capital Group, another entity at the identical address controlled by identical members which has substantial assets, having to pay the delinquent taxes on these properties out of pocket. All of this comes at the risk and expense of Empire TFI and Osprey, who will be required to pay the subsequent taxes on these properties in order to maintain the priority of their respective liens. Therefore, as the Debtor is a single-asset real estate entity which cannot put forth a plan of reorganization which has a reasonable chance of being confirmed in a reasonable amount of time, the Court should order the dismissal of this case with prejudice.

## IV

## THE COURT SHOULD GRANT RELIEF FROM THE AUTOMATIC STAY, BECAUSE THE G7 PROPERTY IS NOT PART OF THE ESTATE, AS THE SHERIFF'S DEED WAS ISSUED BEFORE THE DEBTOR WAS FORMED

On or about January 25, 2012, the Union County Sheriff issued a deed for the G7 and G8 properties to Paradigm Elizabeth, LLC.  (See copy of deed, attached as **Exhibit "E"** to Osprey Statement).  The deed indicates that a sheriff's sale took place on January 11, 2012, and the sheriff accepted a bid of $100.00, and the bid was assigned to Paradigm Elizabeth, LLC. (See copy of deed, attached as **Exhibit "E"** to Osprey Statement). This deed also indicates that the sheriff's sale took place pursuant to a Writ of Execution issued to Paradigm Capital Group, as

successor by merger to Mercury Credit Corp.

However, Paradigm Elizabeth, LLC was not formed until March 25, 2012, **more than two months after the date of the deed**. Paradigm Elizabeth, LLC's Certificate of Formation indicates that it was filed with the State Treasurer on March 25, 2012. (See Certificate of Formation, attached as **Exhibit "J"** to Osprey Statement). Under the New Jersey Revised Uniform Limited Liability Company Act, "[a] limited liability company is formed when the filing office has filed the certificate of formation and the company has at least one member, unless the certificate states a delayed effective date pursuant to subsection c. of section 22 of this act." N.J. STAT. ANN. 42:2C-18d.  The "filing office" is "the Division of Revenue in the Department of the Treasury, or such other State office designated as such by law." N.J. STAT. ANN. 42:2C-2.

Under New Jersey law, a deed to non-existent corporate entity is invalid.  See Stevens v. Merchantville, 40 A. 688 (N.J. 1898). In Stevens, the New Jersey Supreme Court determined that an ordinance awarding a contract to a company was invalid, because it had been proposed and read before the company's certificate of incorporation was filed with the secretary of state's office. "Until the contracting party came into being, the ordinance was a nullity." Id.  This rule is in accord with the law of other states. "[T]here must be a grantor and grantee to be a valid deed, and that the grantee **must have a legal existence**. An attempted conveyance to a non-existing legal entity may, like an attempted conveyance to a fictitious person, be of no effect and void – passing no title and conveying no interest whatsoever." Sullivan v. Buckhorn Ranch P'ship, 119 P.3d 192, 199 (Ok. 2005) (emphasis added). "A deed that purports to convey real estate to a nonexistent corporation has no effect." Borough of Elizabeth v. Aim Sher Corp., 462 A.2d 811,

812 (Pa. Super. Ct. 1983).

Here, the Sheriff's Deed dated January 25, 2012 is void and did not convey the G7 and

G8 properties to Paradigm Elizabeth, LLC, because this entity did not exist at the time and was

not formed until March 25, 2012.  Thus, as Paradigm Elizabeth, LLC does not own the G7 and

G8 properties, they are not property of the estate. Accordingly, Empire TFI and Osprey would

request that the court declare same and also request relief from the automatic stay.

## **CONCLUSION**

For the above stated reasons, it is respectfully requested that this Court dismiss this case

with prejudice or, in the alternative, grant relief from the automatic stay.

> **GOLDENBERG, MACKLER, SAYEGH, MINTZ,
> PFEFFER, BONCHI & GILL**
>
> Attorneys for Osprey Investments, LLC as Assignee of
> FNA Jersey Lien Services, LLC and Empire TFI Jersey
> Holdings LLC as Assignee of US BNK CUST EMPIRE
> TAX FUND I
>
>
> BY:__/s/ Keith A. Bonchi_____
> **KEITH A. BONCHI, ESQUIRE**

DATED: August __13__, 2014