| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**NORRIS, McLAUGHLIN & MARCUS, P.A.**<br>Morris S. Bauer, Esq.<br>Joseph R. Zapata, Jr., Esq.<br>Attorneys for the Debtor/Debtor-In-Possession<br>721 Route 202-206, Suite 200<br>P.O. Box 5933<br>Bridgewater, New Jersey 08807<br>(908) 722-0700 |

| | |
|---|---|
| In Re:<br><br>PARADIGM ELIZABETH, LLC,<br><br>                       Debtor. | Case No.:   14-24901 (DHS)<br><br>Judge:        Hon. Donald H. Steckroth<br><br>Chapter:     11 |

**VERIFIED MOTION OF PARADIGM ELIZABETH, LLC FOR THE
ENTRY OF AN ORDER (I) AUTHORIZING DEBTOR-IN-POSSESSION
FINANCING SECURED BY A JUNIOR LIEN PURSUANT TO
11 U.S.C. §364(c)(3) AND (II) SCHEDULING A FINAL HEARING
<u>PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001</u>**

Paradigm Elizabeth, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through counsel, Norris, McLaughlin & Marcus, P.A., respectfully submits this motion for entry of an Order (I) authorizing debtor-in-possession financing secured by a junior lien pursuant to 11 U.S.C. § 364(c)(3) and (II) scheduling a final hearing pursuant to Federal Rule of Bankruptcy Procedure 4001 (the "Motion") and respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested in this Motion is 11 U.S.C. § 364(c)(3) and Federal Rule of Bankruptcy Procedure 4001.

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

4. The Debtor is a limited liability company under the laws of the State of New Jersey. The Debtor owns real property identified as Block 1, Lot 1380.G7 a/k/a 631 Kapowski Road, Elizabeth, NJ ("Lot G7"). Prior to July 17, 2014, the Debtor owned Block 1, Lot 1380.G8 a/k/a 581 Kapowski Road, Elizabeth, NJ ("Lot G8", and with Lot G7, the "Properties").[1]

5. On June 7, 2010, a tax sale was conducted and tax sale certificates were issued in connection with taxes assessed as due and owing on the Properties for tax years 2008 and 2009.

6. The tax sale certificate for Lot G7 (the "G7 Tax Sale Certificate") was purchased by Alterna Tax Certificate Fund for $125,682.05 carrying an interest rate of 18%. The G7 Tax Sale Certificate appears to have been subsequently assigned to FNA Jersey Lien Services, LLC ("FNA") on October 20, 2010.

7. In November, 2012, FNA filed a tax sale foreclosure complaint in connection with the G7 Tax Sale Certificate (the "G7 Tax Sale Foreclosure Action"). FNA subsequently assigned the G7 Tax Sale Certificate to Osprey Investments, LLC ("Osprey").

---

[1] A tax sale foreclosure judgment was entered with respect to Lot G8 on July 17, 2014, four days prior to the Petition Date, which transferred title of Lot G8 to Empire TFI Jersey Holdings, LLC ("Empire"). The Debtor intends on filing a complaint to set void the transfer of Lot G8 as either a fraudulent conveyance or a preferential transfer. The redemption amount of Lot G8 approximated $1,101,108.13 as of May 12, 2014. The Tax Assessor valued Lot G8 at $3,606,628. The Debtor further believes that the description of Lot G8 as reflected in the tax sale foreclosure judgment is incorrect and thus Empire did not take title to Lot G8 upon entry of the judgment.

2

8. On July 21, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in order to preserve the value of its assets for the benefit of all of its creditors and other parties in interest.

9. The Debtor values Lot G7 at approximately $4,800,000. The Tax Assessor values Lot G7 at $5,424,352. The only secured claim encumbering Lot G7 consists of the G7 Tax Sale Certificate held by Osprey.

10. As of the Petition Date, the redemption amount on the G7 Tax Sale Certificate approximated $935,887.20.

11. On August 13, 2014, Osprey and Empire filed a motion to dismiss the Debtor's case and for relief from the automatic stay (the "Motion to Dismiss"). The Motion to Dismiss is scheduled to be heard on September 16, 2014. In the Motion to Dismiss, Osprey references the fact that the post-petition real estate taxes on Lot G7 that were due on August 1, 2014 (the "3rd Quarter Taxes") have not been paid.

12. On September 5, 2014, Osprey filed a further motion seeking relief from the automatic stay based on the fact that the 3rd Quarter Taxes have not been paid.

**Immediate Post-Petition Obligations**

13. The Debtor is currently not generating revenues necessary to pay the post-petition expenses of the Debtor, including, in particular, the payment of real estate taxes and insurance.

14. The Debtor requires funding from other sources in order to satisfy post-petition expenses, including, real estate taxes and insurance.

15. In the immediacy, the Debtor requires funding for the 3rd Quarter Taxes in the approximate amount of $41,100.

16. The Debtor anticipates that it will also require funding for the 4th quarter of 2014 in the amount of $40,260 and funding for the 1st quarter of 2015[2].

**Proposed Debtor-in-Possession Financing with JABE Management**

17. JABE Management ("JABE") will loan the Debtor up to $140,000 pursuant to 11 U.S.C. §364(c)(3) for the purposes of paying post-petition real estate taxes, insurance and other post-petition obligations as same may arise. JABE requests that the loan be secured by a junior lien on Lot G7.

**RELIEF REQUESTED AND BASIS THEREFOR**

10. The Debtor respectfully submits that cause exists for entry of an Order authorizing the Debtor to obtain post-petition financing necessary to meet certain expenses of the estate.

11. The Debtor requires financing to pay the carrying costs associated with Lot G7 including real estate taxes and insurance.[3]

12. Because the Debtor does not currently generate any income to meet its expenses, the Debtor has, understandably, been unable to procure unsecured post-petition financing.

13. JABE has agreed to loan an amount not to exceed $140,000; provided that the loan is secured by a junior lien against Lot G7. As part of the terms of such financing, and at its sole discretion, JABE shall be authorized to make advances to the Debtor on an as-needed basis. JABE proposes that the loan will accrue interest at a rate of 5% per annum.

**LEGAL ARGUMENT**

14. 11 U.S.C. § 364(c)(3) provides in pertinent part:

> (c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense,

---

[2] The property taxes for 2015 have not yet been established.

[3] The Debtor's insurance is effective until November 19, 2014.

4

>the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt –
>
>* * *
>
>(3) secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. § 364(c)(3).

15.     Recognizing the natural reluctance of lenders to extend credit to a company in bankruptcy, 11 U.S.C. § 364 was designed to provide incentives for creditors to extend post-petition credit. In re Ellingsen MacCLean Oil Co., Inc., 834 F.2d 599, 603 (6th Cir. 1987), cert. denied, 488 U.S. 817 (1988).

16.     Courts have recognized that in order to successfully obtain financing under 11 U.S.C. § 364(c), the moving party must be able to demonstrate:

>(1) They are unable to obtain unsecured credit per 11 U.S.C. § 364(b), *i.e.*, by allowing a lender only an administrative claim per 11 U.S.C. § 503(b)(1)(A); (2) The credit transaction is necessary to preserve the assets of the estate; and (3) The terms of the transaction are fair, reasonable, and adequate, given the circumstances of the debtor-borrower and the proposed lender.

In re Aqua Associates, 123 B.R. 192, 195-96 (Bankr. E.D. Pa. 1991); see also, In re Ames Dep't Stores, Inc., 115 B.R. 34, 37–40 (Bankr.S.D.N.Y.1990); and In re St. Mary Hospital, 86 B.R. 393, 401–02 (Bankr.E.D.Pa.1988).

17.     Monies to be loaned to the Debtor by JABE are necessary to preserve the bankruptcy estate. The Debtor requires funding to pay administrative expenses, including real estate taxes and insurance. There is currently no income to satisfy these obligations. The Debtor is unable to pay these expenses without financing and has been unable to procure unsecured financing to cover these obligations. Prior to the Petition Date, the

Debtor obtained a financing commitment, however, the commitment required a first lien position and third-party guarantees.

18. The terms of the financing are clearly reasonable and merely protect and compensate JABE for advancing the financing. Given the Debtor's current position, the proposed financing is more reasonable than what the Debtor would otherwise expect to obtain from another entity. See Ames, 115 B.R. at 38 (Courts "recognize that debtors-in-possession generally enjoy little negotiating power with a proposed lender".).

19. Because the requested financing is reasonable and necessary to preserve property of the estate, the Debtor submits that the proposed financing from JABE is in the best interest of the estate and should be authorized by the Court.

**Request for a Final Hearing Pursuant to Rule 4001(c)**

20. Federal Rule of Bankruptcy Procedure 4001 provides that the Court "may commence a final hearing on a motion for authority to obtain credit no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a hearing before such 14 day period expires, but the court may authorize the obtaining of credit only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. P. 4001(c).

21. The Debtor has filed an application, simultaneously herewith, for an expedited hearing on the Motion so as to be heard in conjunction with the Motion to Dismiss. The Debtor seeks an expedited hearing on the Motion in order to secure the financing, pay the post-petition taxes and prevent the continuing accrual of interest.

22. The Debtor requests that a final hearing be scheduled pursuant to Rule 4001 for entry of an order authorizing and approving the proposed financing.

**NOTICE**

20. Notice has been provided to (i) the Office of the United States Trustee; (ii) Keith A. Bonchi, Esq., counsel for Osprey Investments, LLC; (iii) all creditors and parties in interest; (iv) JABE Management; and (v) all other persons and entities that have requested notice pursuant to Fed. R. Bankr. P. 2002. The Debtor respectfully submits that such service constitutes good and sufficient notice.

21. The movant represents that the facts and circumstances set forth herein do not present novel questions of law, and, as such, respectfully requests that this Bankruptcy Court waive the requirement of the filing of a memorandum of law in accordance with D.N.J. LBR 9013-1(b).

**WHEREFORE**, the Debtor respectfully requests the entry of the Order, in the form submitted simultaneously herewith, and for such further relief as the Court deems just and proper.

        Respectfully Submitted,

        NORRIS McLAUGHLIN & MARCUS, P.A.
        Counsel to the Debtor/Debtor-in-Possession

        By: /s/ Morris S. Bauer
            Morris S. Bauer, Esq.

Dated: September 11, 2014

## **VERIFICATION**

David M. Kushner, of full age, hereby certifies and says:

1. I am the manager of Paradigm Elizabeth, LLC, the debtor and debtor-in-possession, and am fully familiar with the facts and circumstances set forth herein.

2. I have reviewed the factual information contained herein, and the same is true and accurate to the best of my knowledge and belief.

I hereby certify that the foregoing statements made by me are true. If any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ David M. Kushner
DAVID M. KUSHNER

Dated: September 11, 2014