

721 Route 202-206
Suite 200
P.O. Box 5933
Bridgewater, NJ 08807
T: 908-722-0700
F: 908-722-0755

*Direct Dial: (908) 252-4345*
*E-mail: mbauer@nmmlaw.com*

December 17, 2014

<u>Via ECF</u>

Honorable Donald H. Steckroth
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

    Re: Paradigm Elizabeth, LLC
      Case No. 14-24901(DHS)

      **Request for Continuance of Period to Receive Bids and Adjournment of Sale Hearing Date**

      **Sale Hearing Date: December 18, 2014 @ 10:00 a.m.**

Dear Judge Steckroth:

  As Your Honor is aware, this firm represents Paradigm Elizabeth, LLC (the "Debtor") in the above referenced matter. By this letter, the Debtor wishes to advise the Court of the status of bids received in connection with the proposed auction and sale of the Debtor's real property located at 631 Kapowski Road, Elizabeth, NJ (Lot 1, Block 1380.G7)(the "Property"). For the reasons set forth herein, the Debtor further requests a continuance of the period of time to receive bids and for an adjournment of the Sale Hearing for one month[1].

  On November 5, 2014, Your Honor entered an Order (I)(A) approving bidding procedures in connection with the Debtor's sale of real property free and clear of claims, liens, encumbrances and interests, (B) approving the form and manner of notice of the sale and bidding procedures, and (C) setting the hearing date in connection with the sale; and (II)(A) authorizing

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Bidding Procedures Order.



Bridgewater, NJ • New York, NY • Allentown, PA
www.nmmlaw.com

Norris, McLaughlin & Marcus, P.A.

December 17, 2014
Page 2

and approving the sale to the highest and best offer, (B) waiving the fourteen (14) day stay provided by Bankruptcy Rule 6004(h), and (C) granting related relief (the "Bidding Procedures Order"). See Dkt. No. 75. In accordance with the Bidding Procedures Order, Sheldon Good, the Debtor's court-authorized auctioneer (the "Auctioneer"), began the process of advertising and showing the Property and soliciting bids. The deadline for submitting bids under the Bidding Procedures Order was December 10, 2014 (the "Bidding Deadline").

As of the Bidding Deadline, there were 470 visits to the Auctioneers website for the Property, with 65 prospects having requested additional information for the Property. There were 3 on-site inspections of the Property, in which six parties attended and seven Bidder Information Packets were sent to prospective bidders. The Debtor received two offers for the Property. The first offer received was for $1,000,000, with a full 10% deposit to be provided to the Auctioneer upon execution of the agreement of sale (the "First Offer"). The second offer received was for $1,150,000, with only a 5% deposit to be provided on execution of the agreement of sale and an additional 5% to be provided upon the conclusion of the due diligence period (the "Second Offer" and with the First Offer, the "Offers"). Both Offers are close in amount to the claim filed by Osprey Investments, LLC ("Osprey") of $1,068,102.15. In fact, based upon discussions with counsel for the party that made the Second Offer, such offer was made with the idea of merely covering the amount of Osprey's claim.

The Debtor believes that both Offers will provide little to the estate, other than to pay Osprey's claim. It is hoped and believed that if the Debtor is authorized to continue to market the Property for an additional month, the Debtor will not only receive additional offers for the Property, but that the present bidders may be willing to augment their current offers. Debtor's counsel has engaged in conversations with both offerees.

In addition, informal offers have been received to purchase not only the Property, but the adjacent lots making up the Tern Landing Development, for the sum of $27MM and approximately $21MM, respectively. Also, the Debtor received a letter of intent for the purchase of Lot G7 and Lot G8 (which is the subject of an adversary proceeding) for a purchase price of $7,547,000. The Debtor is in the process of exploring these opportunities.

The Debtor is cognizant of Osprey's overriding concerns and, to this end, the Debtor has sought and obtained proposals for DIP financing that would satisfy the claim of Osprey. The Debtor anticipates filing a motion in short order that would be returnable on or about the adjourned date, if granted, to proceed with such financing. Once Osprey's claim is satisfied, the Debtor will be better positioned to obtain higher offers or participate in the sale of the entirety of the Tern Landing Development or just Lot G7 and/or Lot G8.

Norris, McLaughlin & Marcus, P.A.

December 17, 2014
Page 3

      For the reasons as set forth above, the Debtor requests a continuance of the period of time to receive bids and for an adjournment of the sale hearing for one month. Osprey has expressed that it will not consent to such a continuance/adjournment. The Debtor respectfully requests that despite the lack of consent from Osprey, that the Court grant such request. The Debtor will appear at the Sale Hearing on December 18, 2014 and intends to pursue such request at that time.

      Respectfully yours,

      NORRIS McLAUGHLIN & MARCUS, P.A.

      Morris S. Bauer

MSB/jrz

Cc:    Keith A. Bonchi, Esq. (via ECF/e-mail)
       Peter D'Auria, Esq. (via ECF/e-mail)
       David M. Kushner (via e-mail)