# EXHIBIT A

December 16, 2014

David Kushner
Paradigm Elizabeth, LLC
380 Lexington Avenue
New York, NY 10168

RE:    PROPOSED LOAN FOR $1,500,000.00 SECURED BY A FIRST MORTGAGE ON THE PROPERTY LOCATED AT SECTION 4, BLOCK 1, LOT 1380.G7, ELIZABETH, NJ

Dear Mr. Kushner,

Based on our review of the information provided to date, upon and subject to the terms and conditions set forth in this letter (the "Commitment"), Abacus Funding Solutions, LLC has approved making a loan (the "Proposed Loan") to the borrower identified below:

| | |
|---|---|
| **Borrower:** | An existing or new single purpose bankruptcy remote entity, whose sole purpose will be to acquire, own, manage, lease, encumber, sell, dispose of or otherwise deal with the Property described below. |
| **Lender:** | Abacus Funding Solutions and/or an affiliate thereof. |
| **Property:** | Section 4, Block 1, Lot 1380.G7<br>Elizabeth, NJ<br>(the "Property") |
| **Proposed Loan Amount:** | One Million Five Hundred Thousand Dollars ($1,500,000.00). |
| **Use of Proceeds of Loan:** | Proceeds to be used to pay off all existing tax liens on the Property and pay all closing costs associated with the Proposed Loan, with any remaining funds to be distributed to Borrower. |
| **Term:** | Twenty-four (24) Months from the date of closing (the "Closing"). |
| **Amortization:** | Interest Only. |
| **Interest Rate:** | Twelve percent (12%) per annum. |

| | |
|---|---|
| **Prepayment:** | The Proposed Loan may be prepaid at any time; however, Lender must receive a minimum of six (6) months of interest. After Six (6) months, the Loan may be prepaid, in whole or in part, without premium or penalty, upon giving Lender at least five (5) business days' notice. |
| **Origination Fee:** | Two percent (2%) of the Proposed Loan Amount, payable by Borrower at the Closing. |
| **Due on Sale:** | The Proposed Loan shall be due and payable in full upon any transfer or sale of: (i) the Property or (i) any direct or indirect ownership interest in Borrower. |
| **Security:** | The Proposed Loan shall be secured by: (i) a first priority mortgage on the Property; (ii) an assignment of and security interest in all current and future leases related to the Property; (iii) UCC-1 Liens on all personal property, equipment and fixtures and (iv) a pledge of the outstanding interests in the Borrower. |
| **Commitment Fee:** | A check or wire in the amount of Ten Thousand Dollars ($10,000.00) (the "Commitment Fee") made payable to Abacus Funding Solutions, LLC shall be delivered simultaneously with the acceptance of this Commitment Letter. The Commitment Fee shall be nonrefundable, except as provided herein. If a closing occurs, Lender shall refund to Borrower (or apply toward closing costs) an amount equal to the Commitment Fee less the sum of: (a) a processing fee in the amount of $2,500.00 (the "Processing Fee") and (b) the out of pocket costs or expenses incurred by Lender in connection with the Proposed Loan including: (i) a Three Thousand Five Hundred Dollar ($3,500) deposit toward the Lender's final legal bill (ii) the costs of obtaining appraisal, environmental, engineering, inspection, credit or title reports or surveys and (iii) professional fees (collectively, the "Processing Costs" and, collectively with the Processing Fee, the "Processing Fees and Costs"). |
| **Legal Fees:** | The interests of the Borrower and Lender are or may be different and may conflict, and the Lender's attorney will solely represent the interests of the Lender. It is advised and requested that the Borrower employ an attorney of its own choice, to represent the interests of the Borrower. |

|  |  |
|---|---|
|  | The Borrower shall be required to pay to Lender the legal fees and expenses of Lender's attorney for services provided to Lender in connection with this transaction. If the Proposed Loan closes on or before the commitment expiration date set forth below, the Lender's legal fees shall be Twenty Thousand Dollars ($20,000.00). As a condition to scheduling the Closing, Lender may require that Borrower pay such legal fees at the time of such scheduling. If Lender does not so require, such legal fees will be paid by Borrower at the Closing. Borrower is also responsible for any legal fees of local counsel required by Lender. |
| **Guaranty:** | Any individual or entity owning greater than ten percent (10%) of the Borrower or any parent entity, if applicable, shall execute a guaranty (the "Guaranty"), under which such individual(s) or entity(ies) shall unconditionally and irrevocably guaranty payment of all principal, interest and other amounts due with respect to the Proposed Loan. |
| **Pledge:** | All of the issued and outstanding ownership interests of Borrower (which shall be evidenced by certificated securities) shall be pledged to Lender pursuant to the terms of a Pledge and Security Agreement (the "Pledge"). |
| **Environmental Report:** | Lender shall order, at Borrower's sole cost and expense, prior to the Closing, a Phase One Environmental Report for the Property and Phase Two Environmental Report if needed, performed by an environmental firm acceptable to Lender in its sole discretion. Such Report shall be in form and substance satisfactory to Lender in its sole discretion. |
| **Appraisal:** | Lender shall order, at Borrower's sole cost and expense, prior to Closing, a completed appraisal for the Property performed by a third party certified MAI appraiser acceptable to Lender in its sole discretion. Such report shall be in form and substance satisfactory to Lender in its sole discretion. This transaction is subject to the Property having an appraised "as is" value of no less than Three Million Dollars ($3,000,000.00). |
| **Insurance:** | Borrower shall maintain at all times, at Borrower's sole cost and expense, paid-up policies of liability, property damage, casualty, rent |

loss insurance and all other insurance that may be required by Lender under the Loan Documents. All insurance shall be maintained with responsible and reputable insurance companies or associations satisfactory in all respects to Lender. Each policy of insurance shall name Lender (Abacus Funding Solutions, LLC its successors and assigns) as additional insured or loss payee and shall include mandatory 30-day written notice to Lender of any modification or cancellation of any such policies.

**Single Purpose Entity:** At all times during the term of the Proposed Loan, Borrower shall remain a "bankruptcy-remote" "single-purpose entity", which requirement shall mean that Borrower shall: (i) not engage in any business other than to acquire, own, manage, lease, encumber, sell, dispose of or otherwise deal with the Property, (ii) not own or hold any assets other than the Property, (iii) not enter into or incur any secured or unsecured financing (except for the Proposed Loan), (iv) not guaranty or be liable for or in connection with any obligation of any other person or entity, (v) not pledge its assets for the benefit of any other person or entity and (vi) comply with all other terms and conditions set forth in the Loan Documents.

**Additional Financing:** At all times during the term of the Proposed Loan, Borrower shall not enter into or incur any secured or unsecured financing with respect to the Property other than the Proposed Loan nor permit the Property to be encumbered by: (i) any mortgage (other than one in favor of Lender) or (ii) any real estate tax, environmental or other liens.

**Issuance or Transfer of Equity Interests:** At all times during the term of the Proposed Loan: (i) Borrower shall not issue any new or additional equity interest in itself (nor permit any such interest to be issued in any entity of which it is a subsidiary) and (ii) no owner of an ownership interest in Borrower (or of the parent entity of Borrower, if any) shall pledge, assign or otherwise transfer its ownership interest in Borrower or such parent entity, as applicable.

**Loan Documents:** All agreements, certificates and documents executed in connection with the Proposed Loan (the "Loan Documents") shall be prepared by counsel designated by Lender and shall be on such forms and contain such terms and provisions as shall be required by Lender in its sole discretion. The Loan Documents may include, without limitation, the

following: (i) a loan agreement; (ii) a promissory note; (iii) a mortgage and security agreement encumbering the Property; (iv) an assignment of leases and rents encumbering the Property; (v) Uniform Commercial Code financing statements; (vi) the Guaranty; (vii) environmental indemnity; (viii) the Pledge; (ix) if applicable, an estoppel certificate from each tenant of the Property in form and substance acceptable to Lender; (x) lockbox agreement relating to rental payments; (xi) opinions of counsel, in such form and content as Lender may require; (xii) such other affidavits, assignments, escrow agreements, certificates, and other documents as Lender may require in its sole discretion to evidence or secure the Proposed Loan.

**Organizational and Related Documents:** Borrower shall provide Lender all corporate, partnership or membership resolutions, certificates of incumbency, certificates of good standing, owner consents, certified copies of partnership, operating or shareholder agreements, articles of incorporation, bylaws, and such other organizational documents and evidence of authority and consent as Lender may require, both with respect to Borrower and any parent thereof. All such documents and certificates shall be satisfactory to Lender in its sole discretion.

**Title Insurance:** Lender shall order, at Borrower's sole cost and expense, one or more policies of mortgagee's title insurance, or "marked-up" binding commitments for mortgagee's title insurance, from a title insurance company, and on an ALTA form of title policy, acceptable to Lender in its sole discretion. Each such policy or commitment shall (a) name Lender and such other parties as may be designated by Lender as the insured parties; (b) be in the final amount of the Proposed Loan; (c) insure that the lien of each mortgage and security agreement is a first priority lien on the Property subject only to (i) real estate taxes not yet due and payable and (ii) covenants, conditions, restrictions, rights of way and easements acceptable to Lender; (c) insure that the Property has direct pedestrian and vehicular access to a publicly dedicated, constructed road; (d) contain such endorsements and affirmative coverage as may be required by Lender and (e) in any event be in all respects acceptable to Lender in its sole discretion. If the Proposed Loan is to be used to acquire the Property, Borrower shall be free to obtain a fee title policy from a title insurer of its choice provided, that: (A) such insurer is acceptable to Lender; and (B)

5



| | |
|---|---|
| | neither such insurer nor any abstract or title agency representing it is affiliated with a principal of Borrower or his or her attorney. |
| **Survey:** | Borrower shall provide Lender, at Borrower's sole cost and expense, a current as-built survey of the Property certified to Lender, the title insurer and such other parties as may be designated by Lender. The survey shall be prepared in accordance with current ALTA/ACSM Standards for an Urban Survey and include all items listed in Table A of such Standards, shall contain such certifications as may be required by Lender, and in any event be in all respects acceptable to Lender in its sole discretion. |
| **Property Status:** | Borrower shall provide Lender at the times required under the Loan Documents, at Borrower's sole cost and expense: (a) a current certificate of occupancy for the Property; (b) permits, licenses or other evidence satisfactory to Lender demonstrating compliance with current zoning, building, health, environmental and other rules, regulations, ordinances and laws applicable to the Property and the use thereof and all covenants and restrictions applicable to the Property and (c) evidence satisfactory to Lender that (i) public utilities are available and serve the Property with sufficient capacity and (ii) the Property has direct pedestrian and vehicular access to a publicly dedicated, construed road. |
| **Anticipated Date of Closing:** | January 30, 2015 |
| **Additional Conditions:** | This transaction is subject to the further condition that there is no adverse change in the financial condition of Borrower, any Guarantor or the Property from that presented to Lender. Lender will investigate and confirm the Property's physical condition, financial viability and value, inclusive of any existing tenants and tenants with respect to whom leases will be executed on or before Closing. Such condition, viability and value shall be satisfactory to Lender in its sole discretion. In connection with the foregoing, Borrower shall: |
| | (a)    Provide access to the Property to Lender or its agents. |
| | (b)    Provide Lender with such property, financial or other relevant information regarding the Property, Borrower |

ABACUS FUNDING SOLUTIONS, LLC • 15 EXCHANGE PLACE, SUITE 320, JERSEY CITY, NJ 07302

|  |  |
|---|---|
|  | or any Guarantor as Lender may require. |
| **Commitment Expiration:** | In the event the Borrower is unable to close the Proposed Loan on or before January 30, 2015, unless such date is extended in writing by Lender, in its sole discretion, this Commitment shall expire and be of no further force or effect and Lender shall have no further liability hereunder. If Lender exercises its discretion to extend this Commitment, as a condition thereof, Lender may require that Borrower pay it an extension fee as well the legal fees referred to above and any additional legal fees incurred as a result of Borrower's delay. |
| **Warranties, Re-Presentations and Covenants:** | The person accepting this Commitment on behalf of Borrower by so accepting: (a) warrants and represents to, and covenants with, Lender and its affiliates that: (i) he or she is duly authorized to accept this Commitment on behalf of Borrower and to bind Borrower to its terms; (ii) Borrower is working exclusively with Abacus Funding Solutions, and agrees to continue to do so, to procure financing for the Property; (iii) all financial and other information previously supplied by or on behalf of Borrower to Lender or its affiliates in connection with the Proposed Loan is true and correct in all material respects and (iv) Borrower has been represented by legal counsel of its choice in connection with this Commitment or, if Borrower has not been represented by counsel, that the decision not to be represented by counsel is a decision that Borrower freely made; (b) agrees that Borrower will use its good faith, diligent and prompt efforts to satisfy all closing conditions and generally move forward to close the Proposed Loan upon and subject to the terms and conditions set forth herein; (c) authorizes Lender to check and verify credit and employment history and to gather whatever financial information Lender considers necessary in connection with the Proposed Loan including, but not limited to, contacting credit reporting agencies and verifying contracts with banks, suppliers, bonding companies, and other financial institutions; and (d) authorizes such institutions to communicate with Lender or any of its affiliates (i) regarding Borrower's (or any of its owners or managers) relationships with them and (ii) to verify balances in accounts held by Borrower (or any of its owners or managers). Borrower will hold Lender, its members, |

7

|  |  |
|---|---|
|  | principals and employees harmless from and against any and all claims, liability, damages, costs or expenses as a result of any such communications. |
| **Expenses:** | Borrower's acceptance of this Commitment shall constitute Borrower's unconditional agreement to pay all fees, costs, charges and expenses with respect to the Proposed Loan or the making thereof including, without limiting the generality thereof: building, environmental and engineering inspection fees, appraisal costs, the fees and expenses of Lender's counsel for the review of existing documentation, the preparation of the Loan Documents and the examination of title, survey, tenant leases, etc., and for closing the Proposed Loan; title report and title insurance premiums; survey costs; recording and filing fees; credit information charges; documentary stamps; mortgage recording taxes; and any and all other taxes, fees, charges and expenses payable in connection with the Proposed Loan. Lender shall not be required to pay any premium, charges or taxes in connection with the Proposed Loan, and Borrower agrees to defend, indemnify and hold Lender harmless from and against any and all claims for any premiums, charges or taxes or other costs or expenses referred to above in connection with the Proposed Loan and the making thereof. The terms and provisions of this paragraph shall survive the termination or expiration of this Commitment. |
| **Termination; Default:** | If Borrower satisfies all conditions precedent to the closing of the Proposed Loan during the term of this Commitment Letter (the "Closing Conditions") but Lender determines not to provide the Proposed Loan to Borrower, Lender shall return the Commitment Fee to Borrower less an amount equal to the Processing Fees and Costs. If, through no fault of Borrower, Borrower is unable to satisfy all of the Closing Conditions (for example, because the Property is appraised at a value less than the required amount), Lender shall have the right to terminate its obligations hereunder, in which event Lender shall return the Commitment Fee to Borrower less an amount equal to the Processing Fees and Costs. If Lender does not provide the Proposed Loan to Borrower, neither Lender nor any of its affiliates shall have any liability to Borrower or any of its affiliates of any kind whatsoever, including actual, compensatory or consequential damages, except such obligation to refund the Commitment Fee less an amount equal to the Processing Fees and Costs. |

|  | If Lender terminates its obligations hereunder as a result of a breach by Borrower of any of the warranties, representations, covenants or other terms set forth herein, Borrower recognizes and acknowledges that the damages to Lender caused thereby will be uncertain and difficult to ascertain. As such, Borrower agrees that, as and for reasonable and good faith compensation to Lender, in addition to Lender's right to retain the Commitment Fee in full and to be reimbursed for all expenses not covered by the Commitment Fee, Lender shall be entitled to a payment equal to the Origination Fee Lender would have earned had the Proposed Loan closed. The parties agree that the within stipulated and liquidated damages is not in the nature of a penalty and is reasonable compensation to Lender. |
|---|---|
| **Governing Law; Jurisdiction and Waiver of Jury Trial:** | This Commitment, and all of the rights and obligations of the parties hereunder, shall be governed and construed in accordance with the laws of the State of New Jersey, without regard to principles of conflicts or choice of law that would make the laws of any other state applicable hereto. Each party hereto hereby irrevocably submits to the exclusive jurisdiction of any court sitting in Union County, New Jersey in connection with any action or proceeding arising out of or relating to this Commitment and irrevocably agrees that all claims in respect of such action or proceeding may be heard and determined in such court. Each party hereby irrevocably waives, to the fullest extent it may effectively do so, the defenses of an inconvenient forum to the maintenance of such action or proceeding, waives personal service of any summons, complaint or other process and agrees that the service thereof may be made by certified or registered mail directed to such party at its address set forth above. In connection with any action or proceeding, each party hereto, to the fullest extent it may effectively do so, waives a trial by jury. In any litigation between the parties relating to or arising out of this Commitment, the prevailing party shall be entitled to recover its reasonable legal fees from the non-prevailing party. |
| **Miscellaneous:** | This Commitment sets forth the entire agreement and understanding of the parties relating to the subject matter hereof, and supersedes all prior agreements, arrangements and understandings, written and oral, |

9

relating to the subject matter hereof. No representation, promise or inducement has been made by either party that has not been embodied in this Commitment, and neither party shall be bound by or liable for any alleged representation, promise or inducement not so set forth. No waiver, amendment, extension or cancellation of this Commitment shall be effective unless in writing and signed by each party to be bound thereby. This Commitment shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns. If any term, provision, covenant or restriction in this Commitment is held by a court of competent jurisdiction to be invalid, void or unenforceable or against public policy, the remainder of this Commitment shall remain in full force and effect and shall in no way be affected or impaired or invalidated. The failure of a party at any time or times to require performance of any provision hereof in no manner shall affect the right of such party at a later time to enforce same. The headings contained in this Commitment have been inserted for convenience only and shall not be used in interpreting this Commitment. This Commitment shall be deemed to have been drafted by both parties. Any controversy over the construction of this Commitment shall be decided neutrally and without regard to events of authorship or negotiation. This Commitment may be executed in multiple counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument. The transmission of a signed counterpart electronically or by facsimile shall be treated as the delivery of the original thereof.



**This Commitment shall not become effective unless, on or before Tuesday December 23, 2014, Borrower shall accept the same by executing the additional copy of this Commitment, and returning it to Abacus Funding Solutions, LLC, together with the Commitment Fee of $20,000.00.**

Sincerely,

ABACUS FUNDING SOLUTIONS, LLC

By: _____
    Name: Richard Goldstein
    Title: Manager

**APPROVED AND ACCEPTED ON BEHALF
OF BORROWER BY: PARADIGM ELIZABETH, LLC**

By: _____      12-17-14
    Name: David Kushner                                            Date
    Title: Manager

ABACUS FUNDING SOLUTIONS, LLC • 15 EXCHANGE PLACE, SUITE 320, JERSEY CITY, NJ 07302