FILED
JAMES J. WALDRON, CLERK

JAN 30 2015

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: _____ DEPUTY

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c) <br><br> **NORRIS, McLAUGHLIN & MARCUS, P.A.** <br> Morris S. Bauer, Esq. <br> Joseph R. Zapata, Jr., Esq. <br> Attorneys for the Debtor/Debtor-In-Possession <br> 721 Route 202-206, Suite 200 <br> P.O. Box 5933 <br> Bridgewater, New Jersey 08807 <br> (908) 722-0700 |
| In Re: <br><br> PARADIGM ELIZABETH, LLC, <br><br>　　　　　　　　　　　　　　Debtor. |

Case No.:  14-24901 (DHS)

Judge:  Hon. Donald H. Steckroth

Chapter:  11

**CONSENT ORDER AUTHORIZING DEBTOR-IN-POSSESSION FINANCING SECURED BY A LIEN AGAINST THE DEBTOR'S REAL PROPERTY PURSUANT TO 11 U.S.C. §364(c)**

The relief set forth on the following pages numbered two (2) through eleven (11) is hereby **ORDERED**.

1/30/15

_____
USBJ

Debtor:    Paradigm Elizabeth, LLC
Case No.:  14-24901 (DHS)
Caption:   Consent Order Authorizing Debtor-in-Possession Financing Secured by a Lien Against the Debtor's
Real Property Pursuant to 11 U.S.C. § 364(c)

THIS MATTER having been brought before the Court by Paradigm Elizabeth, LLC, the debtor and debtor-in-possession (the "Debtor"), by and through counsel, Norris, McLaughlin & Marcus, P.A., by way of motion for authority to obtain post-petition financing pursuant to 11 U.S.C. §364(c)(the "Motion")[1]; and the Court having considered the pleadings in support of the Motion and the Limited Objection filed on behalf of Osprey Investments, LLC ("Osprey") by and through counsel, Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill; and it further appearing from the Motion that Abacus Funding Solutions, LLC ("Abacus" or the "Lender"), has agreed to provide financing in the amount of $1,500,000 (the "DIP Loan") to the Debtor pursuant to 11 U.S.C. §364(c); and it further appearing by the consents of the Debtor and Osprey as set forth hereinbelow that the Limited Objection has been resolved and it further appearing that no other objections to the relief requested in the Motion having been interposed; and it further appearing that sufficient and adequate notice of the Motion has been given; and for cause shown; and based upon the record presented to the Court, it appears that:

A. <u>Filing</u>. On July 21, 2014 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization in this Court under chapter 11 of the Bankruptcy Code. The Debtor continues to manage its property and financial affairs as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B. <u>Osprey Lien</u>. Without prejudice to the rights of any other party, the Osprey lien is in the approximate amount of $1 million (exact amount to be determined by the tax collector of the City of Elizabeth without prejudice to any party in interests right to challenge the amount of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Page 3 of 11
Debtor:     Paradigm Elizabeth, LLC
Case No.:   14-24901 (DHS)
Caption:    Consent Order Authorizing Debtor-in-Possession Financing Secured by a Lien Against the Debtor's Real Property Pursuant to 11 U.S.C. § 364(c)

the Osprey claim on or before any deadline set forth in the Bankruptcy Rules or the New Jersey Local Bankruptcy Rules) and secured by the Property.

C. **Need for Postpetition Financing**. The Debtor has an immediate need to obtain post-petition financing and to use the Property, which is subject to the lien of Osprey, in order to satisfy Osprey's claim and market the Property for the benefit of the creditors of the estate. The Debtor does not have sufficient available sources of working capital and financing to satisfy Osprey's claim without the post-petition financing.

D. **No Credit Available on More Favorable Terms**. Given the Debtor's financial condition, the Debtor is otherwise unable to obtain adequate unsecured credit allowable as an administrative expense. Financing on a post-petition basis is not otherwise available without the Debtor's granting, pursuant to section 364(c)(2) of the Bankruptcy Code, a security interest in and lien upon the Property. The Debtor is unable to obtain the necessary postpetition financing that it needs on terms more favorable than those provided by the DIP Loan.

E. **Payment of Osprey's Claim**. The post-petition financing contemplates the payment of Osprey's claim so that the Lender can be granted a senior lien on the Property. This Order preserves the rights of parties in interest to investigate and, if appropriate, challenge the amount, validity, enforceability, perfection and priority of Osprey's lien, such that there will not be prejudice to any party in interest as a consequence of the Debtor's immediate payment of Osprey's claim. Based on the foregoing, the proposed immediate payment of Osprey's claim is in the best interests of the Debtor and its estate and does not adversely affect any party in interest.

Page 4 of 11
Debtor: Paradigm Elizabeth, LLC
Case No.: 14-24901 (DHS)
Caption: Consent Order Authorizing Debtor-in-Possession Financing Secured by a Lien Against the Debtor's Real Property Pursuant to 11 U.S.C. § 364(c)

F. <u>DIP Loan</u>. Pursuant to the DIP Loan, the Lender has agreed to provide funding to the Debtor in the amount of one million five hundred thousand dollars ($1,500,000.00) with interest at twelve percent (12%) payable within twenty-four (24) months of the closing.

G. <u>Business Judgment and Good Faith</u>. The terms of the post-petition financing including the interest rates and fees applicable thereto, are at least as favorable to the Debtor as those available from alternative sources. The terms of the post-petition financing have been negotiated in good faith and at arm's length and reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and are fair and reasonable under the circumstances, and are enforceable in accordance with applicable law. The credit extended to the Debtor by the Lender shall be deemed to have been extended in "good faith" as that term is used in section 364(e) of the Bankruptcy Code, and in express reliance upon the protections set forth therein, and shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

H. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over this Chapter 11 Case, the Motion and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This Order is entered in a "core" proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A), (D) and (M). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 364 and 507(b) of the Bankruptcy Code and Bankruptcy Rules 4001 and 6004.

Page 5 of 11
Debtor:    Paradigm Elizabeth, LLC
Case No.:  14-24901 (DHS)
Caption:   Consent Order Authorizing Debtor-in-Possession Financing Secured by a Lien Against the Debtor's Real Property Pursuant to 11 U.S.C. § 364(c)

I.    <u>Notice</u>. The notice given by the Debtor of the Motion and the relief requested therein constitutes appropriate, due and sufficient notice thereof and no further notice of the relief sought and the relief granted herein is necessary or required.

Based upon the foregoing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

(1)    <u>Motion Granted</u>. The Motion is granted. Any objections to the relief sought in the Motion that have not been previously withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled. Notwithstanding the above, in the event that the Osprey lien is not redeemed by within sixty (60) days of the entry of the within Order, Osprey shall have relief from the automatic stay and shall be entitled to proceed with its tax sale foreclosure in the Superior Court of New Jersey.

(2)    <u>Authorization to Execute and Deliver Documents</u>. The Debtor is expressly authorized, empowered and directed to do and perform all acts to make, execute, deliver and implement the DIP Loan and any loan document of any kind required to be executed and delivered in connection with and consistent therewith (the "Loan Documents"). Upon execution and delivery of the Loan Documents, the Loan Documents shall constitute valid, binding and non-avoidable obligations of the Debtor, enforceable against the Debtor in accordance with the terms of this Order and the Loan Documents. No obligation, payment, transfer or grant of security under the Loan Documents or this Order shall be stayed, restrained, voidable, avoidable or recoverable under the Bankruptcy Code or under any applicable nonbankruptcy law (including without limitation, under sections 502(d), 548 or 549 of the Bankruptcy Code or under any applicable state Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act or

Debtor:     Paradigm Elizabeth, LLC
Case No.:   14-24901 (DHS)
Caption:    Consent Order Authorizing Debtor-in-Possession Financing Secured by a Lien Against the Debtor's Real Property Pursuant to 11 U.S.C. § 364(c)

similar statute or common law), or subject to any defense, reduction, setoff, recoupment or counterclaim. The Debtor is authorized and directed to pay all principal, interest, fees, costs and other expenses that may be required or necessary for the Debtor to perform all of its obligations under this Order and the Loan Documents without any further order or approval of the Court.

(3)   <u>Authorization to Borrow</u>. Good and sufficient cause has been shown for the entry of this Order. The Debtor is authorized and empowered to borrow funds pursuant to the DIP Loan and this Order.

(4)   <u>Amendments</u>. The Lender and the Debtor may amend, modify, supplement or waive any provision of the DIP Loan or the Loan Documents if such amendment, modification, supplement or waiver is not material (in the good faith judgment of the Lender and the Debtor), without any need to apply to, or receive further approval from, the Court. Any material amendment, modification, supplement or waiver shall be in writing, signed by the parties and approved by the Court on appropriate notice. Notwithstanding the above, no amendment shall affect the priority of the Osprey municipal tax sale certificate which shall remain a first lien on the property unless it is redeemed in full by paying the statutory amount to the tax collector to redeem said lien.

(5)   <u>Payment of Osprey's Claim</u>. Subject to the rights of the Debtor and its estate to challenge the amount, validity, enforceability, perfection and priority of Osprey's claim, the Debtor is authorized and directed upon funding of the DIP Loan to pay the tax collector of the City of Elizabeth the statutory amount to redeem the lien as determined by the tax collector on the date of closing. All redemption money shall be paid directly to the municipal tax collector, and Osprey shall surrender the tax sale certificate directly to the tax collector in the ordinary

Debtor:     Paradigm Elizabeth, LLC
Case No.:   14-24901 (DHS)
Caption:    Consent Order Authorizing Debtor-in-Possession Financing Secured by a Lien Against the Debtor's Real Property Pursuant to 11 U.S.C. § 364(c)

course. The payment to Osprey as set forth herein shall not subject Osprey to any claim by the Debtor or any other party in interest for an overcharge forfeiture claim under N.J.S.A. 54:5-63.1 for accepting the statutory amount to redeem as determined by the tax collector.

(6) *Cooperation by Osprey*. Upon being notified by the tax collector that the statutory amount to redeem has been tendered to the City of Elizabeth, Osprey shall be obligated to surrender its tax sale certificate, fully endorsed to the City of Elizabeth in the ordinary course. Upon payment of the statutory amount to redeem to the City of Elizabeth, Osprey shall dismiss its tax sale foreclosure and discharge its Notice of Lis Pendens.

(7) *Preservation of Challenge Rights*. Notwithstanding the Debtor's payment of Osprey's claim, the Debtor shall continue to have the right to challenge the amount, validity, enforceability, perfection and priority of Osprey's claim. Notwithstanding the above, all other parties reserve the right to challenge Osprey's rights in both the bankruptcy court and through objections to the confirmation of the Plan. In the event that the Debtor is successful in challenging the amount required to redeem the lien, the court reserves jurisdiction subject to the pending motion for abstention filed by Osprey in the Adversary Proceeding, against Osprey, including disgorgement of the Debtor's payment of Osprey's claim. Notwithstanding the above, nothing in this Order shall prevent Osprey's pending motion to ask the Bankruptcy Court to abstain from jurisdiction in this matter or any similar renewed abstention motion and require that any challenges to the amount to redeem be taken in state court.

(8) *Collateral Security*. As security for the full and timely payment of the DIP Loan, the Lender is hereby granted pursuant to section 364(c) of the Bankruptcy Code a secured lien on Lot G7.

Debtor:     Paradigm Elizabeth, LLC
Case No.:   14-24901 (DHS)
Caption:    Consent Order Authorizing Debtor-in-Possession Financing Secured by a Lien Against the Debtor's Real Property Pursuant to 11 U.S.C. § 364(c)

(9)     <u>Automatic Perfection of Liens</u>.  The lien and security interest granted to the Lender hereunder and under the Loan Documents are valid, binding, continuing, enforceable and fully-perfected with the priorities herein and therein set forth.  The Lender shall not be required to file any mortgages, notices of lien or similar instruments in any jurisdiction or filing office, or to take any other action in order to validate or perfect the lien and security interest granted by or pursuant to this Order and/or Loan Documents.

Should the Lender, in its sole discretion, from time to time, choose to file such mortgages, notices of lien or similar instruments, or take any other action to protect from infringement or otherwise validate or perfect any such security interest or lien, the Debtor is hereby directed to execute any such documents or instruments as the Lender shall reasonably request, and all such documents and instruments shall be deemed to have been filed or recorded at the time and on the date of entry of this Order.

In the discretion of the Lender, a certified copy of this Order may be filed with or recorded in filing or recording offices in addition to or in lieu of such mortgages, notices of lien or similar instruments, and all filing offices are hereby directed to accept such certified copy of this Order for filing and recording, and such certified copy shall be deemed filed and recorded at the time and on the date of entry of this Order.

(10)    <u>Binding Effect of Order; Successors and Assigns</u>.  The Loan Documents and this Order shall be binding upon all parties-in-interest in the Chapter 11 Case, including without limitation, the Lender and the Debtor and their respective successors and assigns, including, without limitation, any chapter 11 trustee or chapter 7 trustee or similar responsible person hereafter appointed as a representative of the Debtor's estate and any such successors or assigns,

Page 9 of 11
Debtor:     Paradigm Elizabeth, LLC
Case No.:   14-24901 (DHS)
Caption:    Consent Order Authorizing Debtor-in-Possession Financing Secured by a Lien Against the Debtor's
            Real Property Pursuant to 11 U.S.C. § 364(c)

without further order of this Court and shall inure to the benefit of the Lender and the Debtor and their respective successors and assigns. The Debtor and its successors and assigns shall be deemed authorized and directed to comply with the provisions of this Order and the Loan Documents; *provided, however*, that the Lender shall have no obligation to extend any financing to any chapter 11 trustee or chapter 7 trustee or similar responsible person appointed for the estate of the Debtor.

(11) Good Faith. Having been found to be extending the post-petition financing to the Debtor in good faith, the Lender is entitled to the full protection of section 364(e) of the Bankruptcy Code with respect to the DIP Loan and liens created or authorized by this Order in the event that this Order or any authorization contained herein is stayed, vacated, reversed or modified on appeal. If any provision of this Order is hereafter modified, vacated, reversed or stayed by subsequent order of this or any other court for any reason, such modification, vacation, reversal or stay shall not affect the validity, enforceability and priority of any of the claims, liens and security interests granted to the Lender under this Order and/or the Loan Documents, and the validity, enforceability or priority of the claims, liens and security interests of the Lender shall be governed in all respects by the original provisions of this Order, and the Lender shall be entitled to all of the rights, privileges and benefits granted herein.

(12) Alternative Lender. In the event that Abacus chooses not to proceed with the DIP Loan or the Debtor chooses not to proceed with Abacus, the Debtor, in its sole discretion, may proceed with an alternative lender (the "Alternative Lender") in place of Abacus, provided that the loan terms with the Alternative Lender are consistent with or more favorable than the DIP Loan terms set forth in paragraph F hereof or the Abacus commitment letter annexed as Exhibit

Page 10 of 11
Debtor:    Paradigm Elizabeth, LLC
Case No.:  14-24901 (DHS)
Caption:   Consent Order Authorizing Debtor-in-Possession Financing Secured by a Lien Against the Debtor's Real Property Pursuant to 11 U.S.C. § 364(c)

"A" to the Motion and that such Alternative Lender agrees to all terms set forth herein. Under such circumstances, the Alternative Lender shall be considered the "Lender" as defined herein.

(13) <u>No Third Party Beneficiaries</u>. Other than as expressly set forth herein, no rights are created hereunder for the benefit of any third party, or any direct, indirect or incidental beneficiary.

(14) <u>No Waiver</u>. The Lender's delay or failure to exercise rights and remedies under the Loan Documents or this Order shall not constitute a waiver of the Lender's rights hereunder, thereunder or otherwise, unless any such waiver is pursuant to a written instrument executed in accordance with the terms of the Loan Documents and this Order.

(15) <u>Inconsistency</u>. In the event of any irreconcilable inconsistency between this Order, the Loan Documents and/or any document or any other agreement heretofore or hereafter entered into by and between the Debtor and the Lender, the terms of this Order shall govern and control.

(16) <u>Retention of Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction to enforce the provisions of this Order, and this retention of jurisdiction shall survive the confirmation and consummation of any chapter 11 plan for the Debtor notwithstanding the terms or provisions of any such chapter 11 plan or any order confirming any such chapter 11 plan.

(17) <u>Headings</u>. Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Interim Order.

(18) <u>Effectiveness</u>. This Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon entry hereof.

(CONSENTS SET FORTH ON NEXT PAGE)

Page 11 of 11
Debtor:     Paradigm Elizabeth, LLC
Case No.:   14-24901 (DHS)
Caption:    Consent Order Authorizing Debtor-in-Possession Financing Secured by a Lien Against the Debtor's Real Property Pursuant to 11 U.S.C. § 364(c)

The undersigned hereby consent
to the terms and entry of the within Order.

NORRIS MCLAUGHLIN & MARCUS, P.A.
Attorneys for the Debtor, Paradigm Elizabeth, LLC


By: /s/ Morris S. Bauer
    Morris S. Bauer, Esq.

GOLDENBERG, MACKLER, SAYEGH, MINTZ
PFEFFER, BONCHI & GILL
Attorneys for Osprey Investments, LLC


By: /s/ Keith A. Bonchi
    Keith A. Bonchi, Esq.